**LAW OFFICES OF RAHUL WANCHOO**
Attorneys for Plaintiff
Empire State Building
350 Fifth Avenue, 59th Floor
New York, New York 10118
Phone: (646) 593-8866
Fax:   (212) 618-0213
E-mail: rwanchoo@wanchoolaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

| | |
|---|---|
| NIMEX PETROLEUM LIMITED | ECF CASE |
| Plaintiff, | 08 Civ. 7002 (SAS) |
| - against - | **VERIFIED COMPLAINT** |
| RAF RAF SHIPPING INC., and UNION SEA GROUP LTD. | |
| Defendants. | |

------------------------------------------------------------X

Plaintiff, NIMEX PETROLEUM LIMITED ("Plaintiff"), by its attorney, LAW OFFICES OF RAHUL WANCHOO, alleges on information and belief as follows:

**JURISDICTION AND VENUE**

1. This is a case of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and within the admiralty and maritime jurisdiction of the United States and of this Honorable Court. This case also falls under the Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333. Finally, this Court also has jurisdiction over this matter because the action also arises under the convention on the Recognition and Enforcement of Foreign Arbitral Awards, codified at 9 U.S.C. §201 *et. seq.* and/or the Federal Arbitration Act, 9 U.S.C. §1 *et. seq.*

2. At all material times, Plaintiff was and now is a foreign corporation organized and existing under and by virtue of the laws of the Gibraltar, and was the charterer of the M.T. RAF RAF (the "Vessel"), a tanker of about 3743 metric tons deadweight tons capacity engaged in the carriage of bulk cargo by water.

3. Upon information and belief, at all material times, RAF RAF SHIPPING INC. ("Defendant" or "Raf Raf"), was and now is a foreign corporation organized and existing under and by virtue of the laws of the Republic of Panama, and was the owner of the Vessel.

4. Upon information and belief, at all material times, UNION SEA GROUP LTD. ("Union Sea"), was and now is a foreign corporation organized and existing under and by virtue of the laws of a foreign country and was, and still is, at all material times the alter-ego, alias and/or paying agent or beneficiary of Raf Raf.

## FACTS GIVING RISE TO CLAIM

5. On or about January 28, 2008, a time charter party (the "Charter") was made between Plaintiff, as charterer of the Vessel, and Raf Raf as owner whereby Plaintiff chartered the Vessel for the carriage of bitumen for a period of 6 + 6 months, in charterer's option commencing from the time and date of delivery of the Vessel.

6. Specifically, Plaintiff chartered the Vessel to carry Bitumen from Singapore to Haldia, India. The Charter provides that :

> "1. At the date of delivery of the vessel under this charter and throughout the charter period...
> (b) she shall be in every way fit to carry BITUMEN;
> (c) she shall be tight, staunch, strong, in good order and condition, and in every way fit for the service, with her machinery, boilers, hull and other equipment ... in a good and efficient state ...
>
> 3. (a) Throughout the charter service Owners shall, whenever passage of time, wear and tear or any event ... requires steps to be taken to maintain or

restore the conditions stipulated in Clauses 1 and 2(a), exercise due diligence so to maintain or restore the vessel.

4. (a) Owners agree to let and the charterers agree to hire the vessel for a period of 6 mnths plus 6 mnths in Charterers' option, commencing from the time and date of delivery of the vessel, for the purpose of carrying all lawful merchandise (subject always to Clause 28) including in particular; East of Suez, Full African Coastline, UK CONT Mediterranean, Black Sea Excluding Bangladesh, Iraq, Iran, Israel as Charterers shall direct, subject to the limits of the current British Institute Warranties and any subsequent amendments thereof."

6. The Charter also provides that the charterer shall pay for the use and hire of the Vessel at the rate of $4,050 per day for the first six months, and, $4,150 per day for the second six months. The payment of hire for the first one month was to be paid in advance, before sailing from Singapore. Thereafter, consecutive payments were to be made by "27th of running month." Clause 9 of the Charter provides that the payment of hire was to be made to Union Sea's bank account at UBS AG, Singapore, as named beneficiary. On or about January 29, 2008, Plaintiff deposited in Union Sea's bank account first 90 days of Charter hire in the amount of $364,500.00.

7. The Vessel was delivered to Plaintiff at Singapore on January 29, 2008. On or about March 18, 2008, the Vessel suffered ingress of water into her engine room at Famagusta in Northern Cyprus. Due to the ingress of water, damage was caused to the Vessel's stern tube, hull, and consequently the Vessel become unseaworthy. Instead of the Vessel being dry-docked in the Mediterranean to make the Vessel seaworthy, Defendant ordered the Vessel to Chittagong, Bangladesh for repairs. However, having diverted the Vessel to Chittagong in order to be repaired at dry dock, the Vessel was not in fact dry-docked. Rather, in repudiatory breach of the Charter, the Vessel was traded locally (in the Bay of Bengal) to other charterers without Plaintiff's knowledge or consent, and whilst the Vessel ought to have been being repaired in dry

dock. Despite numerous requests made by the Plaintiff, Defendant has not restored the Vessel to a seaworthy condition. Accordingly, Plaintiff placed the Vessel off-hire since March 18, 2008 when the Vessel suffered ingress of water.

8. The Defendant is in continuing breach of clauses 1, 3(a) and 4 of the Charter.

9. By reason of the premises, Plaintiff has sustained the following damages:

| | | |
|---|---|---|
| a) | Hire Overpaid | $179,395.28 |
| b) | Liabilities to suppliers arising out of cancelled voyages | $177,324.00 |
| c) | Charges for the Defendant's account | $ 47,839.00 |
| d) | Bunkers used other than in performance of Plaintiff's order | $ 27,426.30 |
| e) | Loss of profit on voyages for the first six months. | $544,354.83 |
| f) | Loss of profit for the further six months of the Charter period. | <u>$750,000.00</u> |
| | Total | **<u>$1,726,339.41</u>** |

10. The Charter also provided in that, if any dispute arises between the parties, the matter in dispute shall be referred to arbitration in London in accordance with English law. In addition to the principal claim, Plaintiff is also entitled in London, to attorneys' fees and other taxable costs incurred or likely to be incurred in bringing this claim, which as best as can presently be calculated, are $587,437.06

11. Litigation of these disputes in London may take up to two years. Plaintiff is entitled to and would receive compound interest at 8% per annum from August 1, 2008 to July 31, 2010 to the completion of the litigation of about $276,214.31.

4

12. Plaintiff's total claim against Defendant for which it seeks security herein is $2,589,990.78 ($1,726,339.41 + $587,437.06 + $276,214.31).

13. Upon information and belief, Raf Raf uses Union Sea as "paying beneficiary" or "pass through" entity such that it can insulate itself from creditors relating to its contracts.

14. It is not general practice in the maritime community, nor anywhere else, for independent companies to make large payments on behalf of other independent companies.

15. Payments sent or received on behalf of another independent company are suggestive of a relationship that is not "arms length".

16. Upon information and belief, Union Sea is not only the holding parent of Raf Raf but is also the alter-ego of Raf Raf because it dominates and disregards Raf Raf's corporate form to the extent that Union Sea is carrying on Raf Raf's business and operations as if the same were its own, or vice versa.

17. Upon information and belief, Raf Raf has no separate identity from Union Sea.

18. In the further alternative, Raf Raf and Union Sea are partners and/or joint ventures.

19. All and singular the premises are true and within the admiralty and maritime jurisdiction of this Honorable Court.

20. The Plaintiff brings this action by seeking an order of seizure of Defendants' goods and chattels, or credits and effects in the hands of garnishees to be named in the process, in the amount sued for herein, so that the Court shall have jurisdiction to direct Defendants to proceed with litigation of Plaintiff's claim against Defendants and to retain jurisdiction to enter a judgment upon the judgment in the London Arbitration.

WHEREFORE, the Plaintiff prays the following:

1. That process in due form of law according to the practice of this Court in causes of admiralty and maritime jurisdiction may issue against Raf Raf Shipping Inc., and Union Sea Group Ltd. and that they be personally cited to appear and answer the matters set forth above.

2. That if the Defendants cannot be found within this District, then that Defendants' goods and chattels, or credits and effects within the hands of garnishees within the jurisdiction of this Court be attached by process pursuant to Supplemental Rule B of the Federal Rules of Civil Procedure, Supplemental Rules for Certain Admiralty and Maritime Claims and in an amount sufficient to answer Plaintiff's claims of $2,589,990.78, the sum sued for in this Complaint;

3. That the action thereafter be stayed pending the decision of the London arbitration and that a judgment be entered upon the award of the arbitrators for the amount of any recovery by Plaintiff, together with interest, costs and disbursements of this action; and

4. That this Court grants to Plaintiff such other and further relief as may be just and proper in the circumstances.

Dated: New York, New York
August 6, 2008

LAW OFFICES OF RAHUL WANCHOO
Attorneys for Plaintiff
NIMEX PETROLEUM LIMITED

By: _____
Rahul Wanchoo (RW-8725)

## VERIFICATION

STATE OF NEW JERSEY)
                    ss.
COUNTY OF BERGEN   )

I, Rahul Wanchoo, being duly sworn, deposes and says:

I am an attorney at law and a member of the firm of Law Offices of Rahul Wanchoo, attorneys for Plaintiff.

I have read the foregoing Verified Complaint and know the contents thereof and the same are true to the best of my knowledge, information and belief.

The reason that this verification is made by me and not by Plaintiff is that Plaintiff is a foreign corporation and is not within this District.

*Rahul Wanchoo*

Sworn to and subscribed to
before me this 5th day of August, 2008.

*Lila Chin*
Notary Public

LILA CHIN
NOTARY PUBLIC OF NEW JERSEY
MY COMMISSION EXPIRES FEB. 18, 2012