UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------- X

NIMEX PETROLEUM LIMITED,

Plaintiff,

- against -

RAF RAF SHIPPING INC. and UNION
SEA GROUP LTD.,

Defendants.

------------------------------------------------- X

**MEMORANDUM
OPINION AND ORDER**

**08 Civ. 7002 (SAS)**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/14/09

SHIRA A. SCHEINDLIN, U.S.D.J.:

On August 6, 2008, this Court issued an Ex Parte Order for Process of

Maritime Attachment and Garnishment ("PMAG") authorizing the attachment of

defendants' property in the amount of $697,585.34.  On August 14, 2008 and

August 28, 2008, plaintiff attached defendants' assets in the form of electronic

fund transfers ("EFTs") at garnishee banks in New York in the total amount of

$53,680.[1]

On October 16, 2009, the U.S. Court of Appeals for the Second

Circuit issued its decision in *Shipping Corporation of India Ltd. v. Jaldhi Overseas*

---

[1]     *See* Plaintiff's Response to Court's October 21, 2009 Order to Show
Cause at 1.

*Pte Ltd.*, holding, *inter alia*, that "[b]ecause [electronic fund transfers ("EFTs")] in the temporary possession of an intermediary bank are not property of either the originator or the beneficiary under New York law, they cannot be subject to attachment under Rule B."[2]  On October 20, 2009, this Court issued an Order in the above captioned action directing plaintiff to show cause why this Court's PMAG should not be vacated and any funds attached as EFTs should not be immediately released.

On November 13, 2009, the Second Circuit issued its decision in *Hawknet, Ltd. v. Overseas Shipping Agencies*, holding that *Shipping Corporation of India* applies retroactively.[3]  As a result, EFTs may no longer be relied upon to maintain jurisdiction over a defendant that "'is not found within the district'" and that, as a result, a district court "would have to conclude that it can exercise personal jurisdiction over the defendant by some other means."[4]  Accordingly, the Second Circuit remanded the action "to the District Court with instructions to enter an order to show cause why it should not dismiss the complaint for lack of personal

---

[2]      585 F.3d 58, 71 (2d Cir. 2009).

[3]      No. 09 Civ. 2128, 2009 WL 3790654, at *3 (2d Cir. Nov. 13, 2009).

[4]      *Id.* (quoting Fed. R. Civ. P. Supp. R. B(1)(a)).

2

jurisdiction."[5]

On November 19, 2009, plaintiff submitted a response asserting that, despite plaintiff's twenty-one day extension to respond to this Court's order, plaintiff has not been able to conclusively establish whether the attached funds were in the possession of the intermediary bank, originator bank, or beneficiary bank at the time of their restraint. Plaintiff contends that if the garnishee bank was serving as defendants' originator bank or beneficiary bank at the time the EFTs were restrained, then the attached funds are outside the scope of *Shipping Corporation of India's* prohibition on attaching EFTs in the hands of an intermediary bank only.[6] Plaintiff therefore requests more time to investigate.[7] In addition, plaintiff proffers that a Final Arbitral Award ("Award") was issued on default in plaintiff's favor on August 21, 2009 after the Arbitration Tribunal made a final order requiring a submission from defendants and defendants failed to

---

[5]    *Id.*

[6]    *See, e.g., Armada (Singapore) Pte Ltd v. North China Shipping Co. Ltd. (BVI)*, 633 F. Supp. 2d 168, 171 (S.D.N.Y. 2009) (holding that plaintiff was entitled to "obtain a writ of attachment . . . limited to EFTs where a bank is acting as a beneficiary bank on behalf of [defendant] and no further transfer is contemplated).

[7]    *See* Plaintiff's Response to Court's October 21, 2009 Order to Show Cause ("Pl. Mem.") at 3-4.

comply.[8]  Plaintiff notified defendants of the Award by letter dated October 21,

2009 and requested that defendants pay the sums awarded, but plaintiff has yet to

receive payment.[9]  Plaintiff therefore requests that the funds attached by the Court

be utilized to pay the Award.[10]  Additionally, plaintiff contends that equity

considerations – namely, plaintiff's assertion that the attachment is "the only

means by which the Plaintiff can secure itself in the arbitration proceedings; and

termination of that attachment will almost certainly result in the Plaintiff's loss of

any means through which to make good on the arbitration award" – require that the

attachments not be vacated and the attached funds released.[11]

       Having reviewed plaintiff's response and considered its arguments in

light of *Shipping Corporation of India* and *Hawknet*, plaintiff's arguments are

rejected in their entirety.  Plaintiff has failed to petition this Court for recognition,

confirmation, and enforcement of the Award despite having had more than three

months to do so.  In addition, plaintiff has had nearly two months since *Shipping

Corporation of India* was decided to investigate and determine whether the

---

[8]    *See* Declaration of Patrick Murphy in Support of Plaintiff's Response to Court's Order to Show Cause ¶¶ 4-5.

[9]    *See id.* ¶ 6.

[10]    *See id.* ¶ 7; Pl. Mem. at 2.

[11]    Pl. Mem. at 5.

garnishee bank holding the attached EFTs was the defendants' originator bank, intermediary bank, or beneficiary bank.  Either plaintiff's investigation has yielded no fruitful results or plaintiff has dragged its feet in obtaining the information it needs.  The funds have been attached nearly fifteen months.  There is no reason to continue the attachment any longer, particularly where plaintiff is free to seek leave to amend its Complaint if, at some later date, it is able to determine that defendants have other, attachable, property in the District.  Finally, the Court is not swayed that equity considerations require the funds remain attached, particularly where the initial attachment was infirm and plaintiff has been unable to show that this Court has any basis to exercise jurisdiction over defendants.[12]  Accordingly,

IT IS HEREBY ORDERED that the ex parte Orders for Process of Attachment and Garnishment issued in this action be vacated.

IT IS FURTHER ORDERED that any funds attached as EFTs pursuant to those Orders be immediately released.

IT IS FURTHER ORDERED that the Complaint is hereby dismissed without prejudice.  The Clerk of the Court is directed to close this case.

_____

[12] *See Fedcom Europe Ltd. v. Spark Trading DMCC*, No. 08 Civ. 10717, 2009 WL 4042749, at *1 (S.D.N.Y. Nov. 23, 2009) (rejecting a similar retroactivity argument, stating that "[i]n fact, the *Hawknet* decision strongly suggests just the opposite: when a ruling establishes that courts lack jurisdiction over a type of case, they are unable, without exception, to consider the merits of such cases.").

5

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:        New York, New York
              December 14, 2009

6

# - Appearances -

## For Plaintiff:

Rahul Wanchoo, Esq.
Law Offices of Rahul Wanchoo
357 Westfield Avenue
Ridgewood, New Jersey 07450
(201) 882-0303